Filed 8/11/25  P. v. Tatum CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081785 |
| v. | (Super.Ct.No. FVA1300235) |
| KENNETH TATUM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Reversed and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Kenneth Tatum filed a Penal Code former section 1170.95[1] petition, which the court denied at the prima facie stage. On appeal, defendant contends the order must be reversed and the matter remanded because defendant made a prima facie case for relief and the court erroneously relied on evidence from the preliminary hearing transcript. We reverse and remand the matter with directions.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 3, 2013, an officer heard a broadcast regarding a shooting, which had occurred at a nearby residence. He pulled over a vehicle, observing it to be in violation of several traffic infractions. There were several subjects inside.

The officer identified defendant as the front passenger. Another officer identified three of the four occupants of the vehicle, including defendant, as active members of the 4th Street gang. At the time of the shooting, there was an active gang war between the 4th Street and NAW gangs. The shooting occurred at the residence of a member of NAW.

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

[2] Our factual recitation is derived from the preliminary hearing transcript, which defendant stipulated would serve as the factual basis for his conviction. (*People v. Patton* (2025) 17 Cal.5th 549, 568-569, fn. 12 (*Patton*) [Courts hearing section 1172.6 petitions should not condition "the use of preliminary hearing transcripts on whether a petitioner previously admitted the truth of testimony contained therein or stipulated to the transcript as the factual basis of a plea."].)

An officer interviewed defendant, who told him that NAW members came to another 4th Street gang member's girlfriend's home, where they attempted to vandalize it with graffiti. He said one of the other 4th Street members in the vehicle retrieved a .22-caliber revolver and a rifle. Defendant said they drove to the residence, where he exited the vehicle with the .22-caliber revolver and fired several rounds at the home.

A loaded AR-15 and loaded .22-caliber revolver were retrieved from inside the vehicle. An officer retrieved expended shell casings from the scene of the shooting, which could have been fired from the AR-15. The casings of the ammunition loaded in the AR-15 were the same make as the expended casings found at the residence.

On September 10, 2015, plaintiff and respondent, the People, charged defendant by first amended felony complaint with attempted willful, deliberate, and premediated murder (§§ 664, 187, subd. (a), count 1); shooting at an inhabited dwelling (§ 246, count 2); possession of a firearm by a felon (§ 29800, subd. (a)(1), count 3); and street terrorism (§ 186.22, subd. (a), count 4). The People additionally alleged defendant had personally and intentionally discharged a handgun (§ 12022.53, subd. (c)) and rifle (§ 12022.53, subds. (c) & (e)(1)) in his commission of the count 1 and 2 offenses and had committed the count 1 through 3 offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)). The People also alleged that defendant had suffered two prior strike (§§ 1170.12, subds. (a)-(d) & 667, subd. (b)) and two prior serious felony convictions (§ 667, subd. (a)(1)).

3

On February 16, 2016, pursuant to a plea agreement, defendant pled guilty to attempted murder and street terrorism. Defendant also admitted that he had personally discharged a firearm (§ 12022.5, subd. (c)) in his commission of the attempted murder and that he had suffered a prior strike conviction. The parties stipulated that the preliminary hearing transcript would provide the factual basis for the plea.

The court dismissed the remaining counts and allegations upon the People's motion. As provided by the plea agreement, the court sentenced defendant to 30 years in prison.

On April 4, 2023, defendant filed a form petition for resentencing pursuant to former section 1170.95. On June 5, 2023, the People filed opposition to defendant's petition requesting the court take judicial notice of the preliminary hearing transcript. The People contended defendant could not make a prima facie showing for relief because the preliminary hearing transcript reflected that he "was an active shooter . . . and was directly liable for the [a]ttempt[ed] [m]urder charges."

At a hearing on June 9, 2023, counsel for defendant argued he had made a prima facie showing for relief and that the court should issue an order to show cause and set the matter for an evidentiary hearing. The People responded that defendant was an actual shooter in the matter, which would "knock him out of [a] prima facie [showing], because he's directly involved in the attempt[ed] murder itself." The People noted that a review of the preliminary hearing transcript bolstered such a conclusion. The People asked the

4

court to review the preliminary hearing transcript. The court set the matter for a future hearing.

On June 30, 2023, the People again urged the court to read the preliminary hearing transcript in determining whether defendant had made a prima facie case for relief. The court noted that it needed to determine whether defendant had stipulated to the preliminary hearing as the factual basis for the plea. The court continued the hearing so that it could review the preliminary hearing transcript.

At the hearing on July 21, 2023, the parties disputed whether it was proper for the court to consider the preliminary hearing transcript. The court determined that it was proper for it to consider the preliminary hearing transcript; the court found from its examination of the transcript that "defendant was convicted as the actual perpetrator of an attempted murder." Thus, as an actual shooter, the court ruled that defendant had failed to establish a prima facie showing of relief; the court denied the petition.

## II. DISCUSSION

Defendant contends the order must be reversed and the matter remanded for issuance of an order to show cause because defendant set forth a prima facie case and the court erred in relying on the preliminary hearing transcript.[3] The People concede that

---

[3] The California Supreme Court decided *Patton*, *supra*, 17 Cal.5th 549 after briefing in this matter. In *Patton*, the court determined that a court may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations," in a section 1172.6 petition at the prima facie stage. (*Id*. at p. 564.) Thus, *Patton* adversely determined defendant's latter contention on appeal.

defendant set forth a prima facie case, but maintain the court's reliance on the preliminary hearing transcript was proper.  We agree with the People.

"Senate Bill [No.] 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  [Citation.]"  (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)  "Senate Bill [No.] 775 [partially] amended section 1172.6, subdivision (a) to expand eligibility for resentencing to persons convicted of 'attempted murder under the natural and probable consequences doctrine.'"  (*People v. Medrano* (2024) 98 Cal.App.5th 1254, 1261.)

"Under section 1172.6, 'A person convicted of . . . attempted murder under the natural and probable consequences doctrine, . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts . . . .'  [Citation.]"  (*Curiel*, *supra*, 15 Cal.5th at pp. 449-450.)

"'[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that "[t]he petitioner could not presently be convicted of . . . attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019," the effective date of Senate Bill [No.] 1437 [citation].'  [Citation.]  'When the trial court receives a petition containing the

6

necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause." [Citation.]' [Citation.]" (*Curiel*, *supra*, 15 Cal.5th at p. 450.)

"'The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' [Citation.] 'Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'"' [Citation.]" (*Curiel*, *supra*, 15 Cal.5th at p. 460.)

"''[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing." [Citation.] "However, if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.''" [Citation.] Consequently, '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' [Citation.]" (*Curiel*, *supra*, 15 Cal.5th at p. 460.)

7

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) "[T]he 'prima facie bar [is] intentionally and correctly set very low.'" (*Ibid.*)

"'[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief . . . .' [Citation.]" (*Curiel*, *supra*, 15 Cal.5th at p. 464) "[T]here is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea. [Citation.]" (*Patton*, *supra*, 17 Cal.8th at p. 568.)

A denial of a section 1172.6 petition at the prima facie ""'stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo.'" [Citation.]" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

"Cases such as the one before us . . . concern whether undisputed facts from a record of conviction following a guilty plea can address whether petitioner's conviction was under a now-invalid theory." (*Patton*, *supra*, 17 Cal.5th at p. 565, fn. 8.) "Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citations.]" (*Id.* at pp. 565-566.)

"[S]hould a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed." (*Patton*, *supra*, 17 Cal.5th at p. 567.) "A dispute regarding the basis of a conviction might arise if, for instance, a petitioner points to specific facts that identify someone else as the direct perpetrator." (*Ibid.*; *id.* at p. 569 [Where facts derived from the defendant's preliminary hearing transcript were "premised on him being the sole shooter[,]" his "conclusory checkbox allegations alone could not create a factual dispute about whether he played a meaningfully different role in the attempted murder."].)

Where the charging documents generically charged the defendant with attempted murder, the defendant pled guilty to attempted murder without admitting any specific intent, and the law at that time permitted the defendant to be convicted under the natural and probable consequences doctrine, the defendant has made a prima facie showing of relief under section 1172.6. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338 (*Estrada*) [Where the defendant's plea to attempted murder did not admit any malice or specific theory of guilt, "his generic plea [did] not make him ineligible for relief at the prima facie stage as a matter of law[,]" even though he admitted a personal use of a firearm enhancement.]; cf. *People v. Ramos* (2024) 103 Cal.App.5th 460, 465 [Petition properly denied where the defendant admitted he had aided and abetted the attempted murder with the specific intent to kill].)

9

Here, as the parties agree, like in *Estrada*, defendant "did not admit to a specific theory of guilt." (*Estrada*, *supra*, 101 Cal.App.5th at p. 338.) He "did not plead to any particular type of malice when pleading to attempted murder." (*Ibid*.) Defendant pled only "to the generic charge of attempted murder without the 'willful, deliberate, and premeditated' allegation. He did not admit he harbored an intent to kill." (*Ibid*.) "Thus, the prosecution could have proceeded under any theory of liability, including a natural and probable consequences theory." (*Ibid*.)

"Likewise, [defendant's] bare admission of the enhancement[] for personal use of a" firearm does "not establish that he acted with the intent to kill or refute that he was convicted on a theory of imputed malice." (*Estrada*, *supra*, 101 Cal.App.5th at p. 338.) Defendant's admission to the use of a firearm enhancement did not require that he admit any specific intent, i.e., defendant was only required to admit that he had a general intent to use the firearm but not for any specific purpose. (*People v. Wardell* (2008) 162 Cal.App.4th 1484, 1494) Thus, defendant's admissions do not establish as a matter of law that he is ineligible for resentencing under section 1172.6.

### III.  DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing under section 1172.6, subdivision (d)(1).  We express no opinion on whether defendant would be entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

    J.

FIELDS

    J.

11